UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARSHALL MICHAEL GALBREATH,<br><br>Defendant. | Case No. 22-CR-186 (03) (SRN/TNL)<br><br><br><br>**ORDER** |

Katharine Buzicky, U.S. Attorney's Office, 316 N. Robert St., Ste. 404, St. Paul, MN 55101

Marshall Michael Galbreath, OID # 206923, MCF Faribault, 1101 Linden Lane, Faribault, MN 55021, Pro Se.

SUSAN RICHARD NELSON, United States District Judge

Before the Court is Defendant Marshall Michael Galbreath's Pro Se Rule 36 Motion [Doc. No. 465]. Mr. Galbreath invokes Rule 36 in order to clarify whether the Court intended for his federal sentence to run concurrently or consecutively with his state court sentence. The Government opposes his motion. (Gov't's Opp'n [Doc. No. 479].)

**I.    BACKGROUND**

In February 2019, Mr. Galbreath was sentenced in Minnesota state court to a 60-month prison term following a drug possession conviction. In July 2021, he obtained early release from custody and was placed on supervised release. In January 2022, Mr. Galbreath was rearrested on charges that formed the basis for the instant federal conviction and

1

because such conduct violated the terms of his supervised release. (Def.'s Mot. at 1.) He remained in state custody following his arrest. (*Id.*) In August 2022, a federal grand jury charged Mr. Galbreath with conspiring to distribute methamphetamine. (Indictment [Doc. No. 1].) Although the Government obtained writs of habeas corpus ad prosequendum to provide for his appearance at federal proceedings, Mr. Galbreath remained in the primary custody of the State of Minnesota during the federal prosecution. (*See* Writs dated Aug. 17, 2022 [Doc. No. 16]; Dec. 13, 2022 [Doc. No. 225]; June 1, 2023 [Doc. No. 414].)

In January 2023, Mr. Galbreath pleaded guilty to the federal drug conspiracy charge. (Jan. 9, 2023 Minute Entry [Doc. No. 239].) The Plea Agreement [Doc. No. 242] did not address his state court sentence or the issue of concurrent or consecutive sentencing. He returned to state prison at MCF Faribault following his plea hearing. (*See* Dec. 13, 2022 Writ at 1.)

In June 2023, the Court sentenced Mr. Galbreath to 180 months in prison—a significant downward variance from the applicable advisory Sentencing Guidelines range as determined by the Court, and as previously contemplated by the parties in the Plea Agreement. (Sent. J. [Doc. No. 420] at 2; *see also* Plea Agmt. ¶ 7(g).) In advance of sentencing, neither of the parties addressed Mr. Galbreath's state court sentence or the issue of concurrent or consecutive sentencing [Doc. Nos. 352, 402]. Likewise, at sentencing, the Court did not address concurrent or consecutive sentencing. (*See* Sentencing Tr. [Doc. No. 478] at 14–21.) The written Sentencing Judgment did not address whether the federal sentence would run concurrently or consecutively to Mr. Galbreath's state court sentence. (*See* Sentencing J. at 2.)

Mr. Galbreath returned to state custody following his sentencing hearing and is expected to complete his Minnesota sentence on June 9, 2025. Minn. Dep't of Corr., *Offender Details*, https://coms.doc.state.mn.us/publicviewer/OffenderDetails/Index/206923/Search (last accessed April 3, 2025). At that time, the Government anticipates he will be transferred to the custody of the Federal Bureau of Prisons to serve his federal sentence. (Gov't's Opp'n at 4.)

In the instant motion, Mr. Galbreath seeks clarification regarding whether his 180-month federal sentence will run concurrently with his undischarged state court sentence. (Def.'s Mot. at 4.) He assumed that was the case and that he would receive full credit against his federal sentence for the time served in state custody. (*Id*. at 4–5.)

## II.  DISCUSSION

Pursuant to statute, "Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S. C. § 3584(a)); *see also Elwell v. Fisher*, 716 F.3d 477, 484 (8th Cir. 2013) (finding that where district court was silent as to whether federal sentence would be concurrent or consecutive with state court sentence, "the BOP correctly applied the default rule of § 3584 for sentences imposed at different times and concluded the federal sentence was to be consecutive to the state sentence."). Mr. Galbreath does not dispute that his federal and state sentences were imposed at different times.

The Plea Agreement contains no language discussing whether Mr. Galbreath's federal and state sentences should run concurrently or consecutively and there was no discussion of the issue at the plea hearing or the sentencing hearing. Mr. Galbreath does

3

not claim that the Court's oral sentence is inaccurately reflected in the Sentencing Judgment. *See United States v. Tramp*, 30 F.3d 1035, 1037 (8th Cir. 1994) (finding that the sentencing court's oral pronouncement constitutes the judgment of the court). To the contrary, he acknowledges that his federal sentence is silent as to concurrent or consecutive state and federal sentences. (Def.'s Mot. at 2.) Accordingly, Mr. Galbreath's request, pursuant to Rule 36, that the district court "clarify" whether his federal sentence runs concurrently with his state sentence, is actually a request that the court modify his sentence. However, Rule 36 only authorizes district courts to correct a "[c]lerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. Because none of these circumstances do not apply, Rule 36 does not provide Mr. Galbreath relief.

Therefore, it is **HEREBY ORDERED** that:

1. Defendant's Pro Se Rule 36 Motion [Doc. No. 465] is **DENIED**.


Dated: April 7, 2025                                            s/Susan Richard Nelson
                                                                SUSAN RICHARD NELSON
                                                                United States District Judge